IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 08 C 259 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICER | ) | Judge Shadur |
| R. R. PRUGER, Star No. 15445, and | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Cox |
| M. C. STEVENS, Star No. 8320, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the City, for its Answer, Defenses and Jury Demand to Plaintiff's Complaint, states as follows:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of plaintiff's rights as secured by the United States Constitution.

**ANSWER:** Defendant City admits that this action purports to be brought pursuant to 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of Plaintiff's rights, as secured by the United States Constitution. The City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph.

2. This Court has jurisdiction of [*sic*] the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** Defendant City admits the allegations in this paragraph.

3. Venue is proper under 28 U.S.C. § 1391(b). All parties reside in this judicial district

1

and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff resides in this judicial district. The City admits the remaining allegations contained in this paragraph.

## PARTIES

4. At all times relevant hereto, Plaintiff Marshall Williams was a 51 year-old male resident of Chicago, Illinois.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation in this paragraph.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of the law within the scope of their employment.

**ANSWER:** Defendant City admits that the Defendant Officers were, at all times relevant to the Complaint, employees of the Chicago Police Department. Defendant City further admits, upon information and belief, based on Chicago Police Department records, that the Defendant Officers were, at all times relevant to the Complaint, acting under color of law and within the scope of their employment.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** Defendant City admits that it is a municipal corporation incorporated under the laws of the State of Illinois. Defendant City admits that at all times relevant to this Complaint, the City was the employer of the Defendant Officers. The City lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in this paragraph.

## FACTUAL ALLEGATIONS

7. On or about January 11, 2007, Plaintiff was in his vehicle which was parked near the intersection of 16th and Kilbourn in Cook County, Illinois.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to

the truth of the allegations in this paragraph.

8. At this time and at all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9. At this time, one or more of the Defendant Officers unconstitutionally seized and arrested Plaintiff without an arrest warrant, without a search warrant, and without probable cause to believe that Plaintiff had or was committing a crime.

**ANSWER:** Upon information and belief, Defendant City admits, based upon Chicago Police Department Records, that, on January 11, 2007, Plaintiff was arrested by Defendant Officers Pruger and Stevens. Defendant City further admits that no arrest warrant was issued prior to Plaintiff's arrest on January 11, 2007. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

10. During this unconstitutional detention, one of the Defendant Officers handcuffed Plaintiff and one or more of the Defendant Officers unreasonably searched Plaintiff.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11. Following the unconstitutional search, Plaintiff was arrested and taken to the 10th District Chicago Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402-C and spent approximately three weeks in custody on this matter.

**ANSWER:** Upon information and belief, Defendant City admits, based upon Chicago Police Department records that, on January 11, 2007, Plaintiff was arrested for Possession of a Controlled Substance, in violation of 720 ILCS 570.0/402-C. Defendant City also admits that, according to Chicago Police Department records, Plaintiff was taken to the 10th District Police Station for processing. Defendant City lacks knowledge or information sufficient to form a belief as

to the truth of the remaining allegations in this paragraph.

12. This false charge against Plaintiff was dismissed for a finding of no probable cause on January 31, 2007.

**ANSWER:** Upon information and belief, based upon records from the Clerk of the Circuit Court of Cook County, Defendant City admits that Plaintiff's criminal case No. 07110193201 was dismissed on January 31, 2007. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### Count 1-42 U.S.C. S 1983 False Arrest

13. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 12, as if fully repleaded herein.

14. On January 11, 2007, Plaintiff was seized and arrested without a warrant and without probable cause. This seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Upon information and belief, Defendant City admits, based upon Chicago Police Department records, that on January 11, 2007, Plaintiff was arrested without a warrant. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

15. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Upon information and belief, Defendant City admits, based upon Chicago Police Department records, that on January 11, 2007, Plaintiff was arrested without a warrant. Defendant City further admits that, at all times relevant to the allegations in this Complaint, Defendant Officers were acting under color of state law and within the scope of their employment. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining

4

allegations in this paragraph.

16. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a) As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

    b) As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c) As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d) Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e) The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f) As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g) As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h) The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to

5

the truth of the allegation that the City sustains less than 5% of all of the complaints brought against police officers for violations of civil rights. The City denies the remaining allegations in this paragraph, including all of its sub-paragraphs.

17.  The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count II - 42 U.S.C. § 1983 Unlawful Search

18.  Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 12, as if fully re-pleaded herein.

19.  Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a)  As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;

   b)  As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

    c) As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d) Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e) The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f) As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g) As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h) The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the City sustains less than 5% of all of the complaints brought against police officers for violations of civil rights. The City denies the remaining allegations in this paragraph, including all of its sub-paragraphs.

21. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## Count III - False Imprisonment

22. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

7

**ANSWER:**  Defendant City re-alleges its answers to paragraphs 1 through 12, as if fully repleaded herein.

23.  Jurisdiction of this Court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**  Defendant City admits the allegation in this paragraph.

24.  On January 11, 2007, Plaintiff was seized and detained without a warrant and without probable cause.  This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**  Upon information and belief, Defendant City admits, based upon Chicago Police Department records, that, on January 11, 2007, Plaintiff was seized and detained without a warrant.  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

25.  Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**  Defendant City denies the allegations in this paragraph to the extent that they pertain to the City.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

26.  The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**  Defendant City denies the allegations in this paragraph to the extent that they pertain to the City.  The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

### Count IV - Malicious Prosecution

27.  Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**  Defendant City re-alleges its answers to paragraphs 1 through 12, as if fully

repleaded herein.

28.   Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:**  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29.   Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:**  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30.   Defendant Officers brought said false charges and continued the prosecution of such false charges in order to cover up their own illegal conduct.

**ANSWER:**  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31.   On January 31 2007, Plaintiff's case was dismissed.

**ANSWER:**   Upon information and belief, based upon records from the Clerk of the Circuit Court of Cook County, Defendant City admits that Plaintiff's criminal case No. 07110193201 was dismissed on January 31, 2007.

32.   As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:**  Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count V - Conversion

33.   Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**  Defendant City re-alleges its answers to paragraphs 1 through 12, as if fully

repleaded herein.

34. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendant City admits the allegations in this paragraph.

35. On January 11, 2007, Plaintiff was the rightful and legal owner of a 1995 Chevrolet sedan.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. On this date, Plaintiff had an absolute and unconditional right to the immediate possession of the vehicle.

**ANSWER:** Defendant City states that the allegations in this paragraph are a vague, incomplete, or incorrect statement of Plaintiff's rights under Illinois law and City ordinance, and, therefore, this allegation is denied.

37. Defendant Officers and Defendant City wrongfully and without authorization assumed control and dominion over the vehicle.

**ANSWER:** Upon information and belief, based upon records from the Chicago Police Department and the Chicago Department of Streets and Sanitation, Defendant City admits that, on January 11, 2007, the City impounded Plaintiff's vehicle, pursuant to the provisions of the Municipal Code of Chicago, Section 7-24-225. Defendant City denies the remaining allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

38. At the time of this conversion, Plaintiff made a demand for the possession of his vehicle.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count VI - Intentional Infliction of Emotional Distress

39. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 12, as if fully repleaded herein.

40. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendant City admits the allegations in this paragraph.

41. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Defendant City denies the allegations in this paragraph to the extent that they pertain to the City. The City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

43. As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but not limited to severe physical and emotional harm, legal and other out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count VII - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

44. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendant City re-alleges its answers to paragraphs 1 through 12, as if fully repleaded herein.

11

45.     Illinois law provides that public entities, such as Defendant City, are directed to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

**ANSWER:** Defendant City states that the allegations in this paragraph are a vague, incomplete, or incorrect statement of the nature of the City's liability under Illinois law, and, therefore, this allegation is denied.

46.     At all relevant times, Defendant Officers were agents of Defendant City and employees of the Chicago Police Department acting within the scope of their employment. Defendant City, therefore, is liable as principal for all torts committed by its agents, Defendant Officers.

**ANSWER:** Defendant City states that Plaintiff's allegation that it is "liable as principle for all torts committed by its agents, Defendant Officers" is a vague, incomplete, or incorrect statement of the nature of the City's liability under the doctrine of *respondeat superior* under Illinois law, and, therefore, this allegation is denied. The City admits that, at all times relevant to this Complaint, Defendant Officers were employed by the City as Chicago police officers acting within the scope of their employment.

WHEREFORE, the City prays that this Court enter judgment in its favor on Plaintiff's Complaint, award the City costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

1.     Defendant City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

2.     To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the

execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2006).

3. Under the Tort Immunity Act, Defendant Officers are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2006).

4. A municipality is not liable under a theory of *respondeat superior* for the constitutional violations of its employees. See Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

5. Under the Illinois Tort Immunity Act, a public employee serving in a position involving the determination of policy or exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion, even though abused. 745 ILCS 10/2-201 (2006).

6. Under the Illinois Tort Immunity Act, a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2006).

7. Plaintiff has a duty to mitigate his damages, and any damages awarded to Plaintiff would be required to be reduced by any amount by which the damages could have been lessened by Plaintiff's failure to take reasonable action to minimize those damages.

8. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff based on any finding of reckless, willful and wanton behavior, as opposed to intentional, willful and wanton behavior, must be reduced by application of the

principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case. See <u>People of City of Rolling Meadows</u>, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

## JURY DEMAND

The Defendant, City of Chicago, requests trial by jury.

**DATED:   April 2, 2008**                                  Respectfully submitted,

                                                                                                   MARA S. GEORGES,
Corporation Counsel
City of Chicago

30 North LaSalle Street, Suite 1020        By:    */s/ Meghan Kennedy*
Chicago, Illinois  60602                                   MEGHAN KENNEDY
312-744-9653/2-0116                                        KENNETH ROBLING
Attorney No. 6283230                                       Assistants Corporation Counsel