```
         IN THE UNITED STATES DISTRICT COURT
     FOR THE NORTHERN DISTRICT OF ILLINOIS
                  EASTERN DIVISION
```

William Marshall            )
                            )
            Plaintiff,      )
                            )
       v.                   )   No. 08 C 259.
                            )
City of Chicago, et al.     )
                            )
            Defendants.     )


Steven Wells,               )
                            )
            Plaintiff,      )
                            )
       v.                   )   08 C 598
                            )
City of Chicago, et al.,    )
                            )
            Defendants.     )

## MEMORANDUM OPINION AND ORDER

Just after it had completed the attached memorandum order ("Order") in Scott v. City of Chicago, et al., 07 C 3684, for issuance today, this Court received in chambers the courtesy copies of identical "Certification of Indemnification" forms in each of the above-captioned cases. Just as was true in Scott, those undertakings fall short as potential predicates for mooting the plaintiffs' 42 U.S.C. § 1983 ("Section 1983") claims against the City of Chicago ("City").

This is more than a matter of mere semantics. What City's counsel appear to have forgotten is that plaintiffs' claims against City, if and to the extent that they overcome the hurdle

established by <u>Monell v. Dep't of Soc. Servs. of City of N.Y.</u>, 436 U.S. 658 (1978), establish direct liability for an independent constitutional deprivation by that municipality. And that in turn, under <u>Carey v. Piphus</u>, 435 U.S. 247 (1978), would create a separate liability on City's part for nominal damages ("not to exceed $1").

By contrast, City's undertakings in its not-fully-thought-through Certifications of Indemnification confirm only its vicarious responsibility, rather than addressing its potential direct liability for putative constitutional violations. Hence the need for the added undertaking that is referred to in paragraph 3 of the Order.[1]

In effect, the situation that is created by a municipal undertaking that includes the added components set out in <u>Scott</u> (but that is not satisfied by the present Certifications of Indemnification) parallels that created by an offer of judgment under Fed.R.Civ.P. 68 that encompasses the maximum amount that a plaintiff could recover through litigation. That kind of offer eliminates any Article III case or controversy, rendering the plaintiff's claim moot (see, e.g., <u>Ambalu v. Rosenblatt</u>, 194 F.R.D.451, 452-53 (E.D.N.Y. 2000)). This analysis is one as to which our Court of Appeals has left no doubt -- as it said in

---

[1] Paragraph 1 of the Order is self-explanatory, while Paragraph 2 is needed to confirm the full extent of both the vicarious and the direct responsibilities on City's part.

Rand v. Monsanto Co., 926 F.2d 596, 597-98 (7th Cir. 1991), citing cases in accord from other circuits:

> After the district court refused to allow Rand to represent the other purchasers (1,600 plus an unknown number dealing in street name), Monsanto offered $1,135, the full amount by which answers to interrogatories assert that Rand was injured, plus the costs of the suit. See Fed.R.Civ.P. 68. When Rand refused the offer, the district court properly entered judgment against him. 130 F.R.D. 87 (N.D.Ill. 1990). Once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate. Alliance to End Repression v. Chicago, 820 F.2d 873 (7th Cir. 1987), and a plaintiff who refuses to acknowledge this loses outright, under Fed.R.Civ.P. 12(b)(1), because he has no remaining stake.

_____
Milton I. Shadur
Senior United States District Judge

May 8, 2008

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION
```

Larry Scott,                    )
                                )
          Plaintiff,            )
                                )
     v.                         )    No. 07 C 3684
                                )
City of Chicago, et al.,        )
                                )
          Defendants.           )

<u>MEMORANDUM ORDER</u>

This Court has received the attached one-sentence "Certification of Indemnification," filed on behalf of the City of Chicago ("City") by its Corporation Counsel's office. Although the purpose of that document appears to be the elimination of any need to pursue <u>Monell</u>-related discovery and proof in this 42 U.S.C. § 1983 ("Section 1983") action against the and several of its police officers, it is inadequate for that purpose in several respects:

1. City's indemnification obligation must expressly be made both unconditional and irrevocable.

2. Because a successful Section 1983 action carries with it the potential for the plaintiff's recovery of fees and expenses under 42 U.S.C. § 1988, City's indemnification undertaking must extend to such an award as well (except of course to the extent that such fees and expenses are attributable to any award of punitive damages, for which City has no responsibility under <u>City of Newport v. Fact</u>

Concerts, Inc., 453 U.S. 247 (1981)).

3. Because municipal liability under Section 1983 gives rise to an award of nominal damages (not to exceed $1) even in the absence of any compensatory damage award (see Carey v. Piphus, 435 U.S. 247 (1978)), City's undertaking should also add such nominal damages to the indemnification obligation, thus mooting the claim against City.

If those changes are made, this Court will entertain a motion to stay discovery against City looking toward its potential liability (as contrasted with the liability of the defendant officers), retaining City in the lawsuit only for purposes of assuring its compliance with its undertaking.

_____
Milton I. Shadur
Senior United States District Judge

May 8, 2008